# PREROGATIVE COURT.

MARCH TERM, 1851.

Between MARY HARING, widow of ISAAC J. HARING, Appellant, and RACHEL VAN BUSKIRK and BRIDGET BANTA, Respondents. On appeal from the Orphans' Court of Bergen.

H. died intestate, seized of real estate, leaving a grandson, the only child of a daughter who was the only child of the intestate, and leaving a widow and two sisters. The grandson died shortly after the death of the intestate, and without issue. The Orphans' Court of a County, on the application of the sisters, made an order appointing Commissioners to set off to the widow her dower. On Appeal to the Ordinary, it was contended, that the lands descended to the father of the intestate's grandson, or that, at least, the question of title was so doubtful that proceedings to set off dower should not be had until the title should be established at law. The order of the Orphans' Court was affirmed.

Isaac J. Haring, deceased, late of the County of Bergen, died intestate, on the 29th of August, 1849, seized of real estate in the said County, leaving a grandson, John Demarest, the only child of Ann Eliza, who was the only child of the intestate, and leaving his widow, Maria Haring, and two sisters, Rachel Van-Buskirk and Bridget Banta, and a son of a deceased brother him surviving. The grandson died shortly after the death of the intestate, and without issue.

On the application of the sisters, the Orphans' Court of the County of Bergen made an order appointing Commissioners to set off to the widow her dower in the said real estate.

The appeal was from this order.

*A. O. Zabriskie*, for the Appellant. The application before the Orphans' Court was resisted on the ground, that the title of

the sisters was disputed, and was doubtful in law, and that dower must be assigned by one who has right. My position is, that the jurisdiction of the Orphans' Court to appoint Commissioners to assign dower is suspended when the title is in dispute in good faith. 2 *Green's Rep.* 132. The title must be first settled at law; that the Orphans' Court could not settle the title; nor can the Ordinary on Appeal. A party whose title is in doubt has no right to disturb another in possession and claiming adversely in good faith. Demarest, the husband of the deceased daughter of the intestate claims the title. The question is, does Demarest take any interest in the lands, or does it go to the sisters of the intestate? *Rev. Stat.* 338, sec. 3. The grandson is the person who died last seized. The question turns on the meaning of the words, in that section, "from the part of his or her mother." In this case the property came from Isaac J. Haring directly to the grandson, the daughter having died before the intestate. I contend, that the words mean, from the mother herself. But, whatever the ordinary may think, he cannot settle the question of title. It is a question, at least, of dispute of the construction put upon these words by the other side. It is a question to be settled by a competent legal tribunal. The title must be first settled. The widow is legally in possession of the whole until dower is legally assigned. The Orphans' Court cannot settle the title.

*W. Pennington* for the Respondents. At Common Law there could be no question that the title is in the sisters. The statute does not vary the Common Law. The land came from the mother's part; and is to go as if the father of this child, who was the person last seized, had died before the death of the child. The widow has no right but dower; and Demarest has no right; he is in with the widow in possession. Now, unless the Court will let us set off dower, we can't bring ejectment. The widow can hold until dower is assigned. *Rev. Stat.* 72, sec. 2. And Demarest would claim to hold under the widow. We cannot, then, raise the question of title until dower be assigned. The assignment of dower does not turn the widow out. He should

have to bring ejectment against any one in possession of the part not assigned for dower. The case cited by Mr. Zabriskie from 2 *Green's Rep.* 132 is right; but it has no application to our case. A man must be a tenant in common in possession, in order to obtain the appointment of Commissioners to make partition; and if he is not in possession, and his title is disputed, he must establish his title at law. In a case like ours, the applicants for Commissioners to assign dower are not in possession, for the reason, that the widow is, by law, in possession of the whole until dower is assigned. After the dower shall be assigned we shall have to bring ejectment for the residue, and the title can then be settled. Has Demarest any right? Is not our claim better than his? It is really a question between Demarest and the sisters. The Ordinary will not take it that Demarest is in exclusive possession, but in possession with the widow. But I insist we are entitled to have dower set off, no matter who is in possession. The Ordinary will not settle the title. If we show a probable case the Court will allow us to go on. He submits, that the order of the Orphans' Court should be affirmed.

*Zabriskie*, in reply. Demarest is in possession of all but one room, claiming as heir of the child. The sisters can bring ejectment against him. A person not in possession cannot assign dower. If dower should be assigned on this application the sisters would have to bring ejectment against Demarest. All we ask is, that they do that first. He submits, that the proceedings of the Orphan's Court should be reversed.

THE ORDINARY. The 1st section of the "Act directing the descent of real estates" provides, that if any child of a person dying seized of lands and intestate shall have died before the intestate, leaving issue, the share of the land which the child so dying would have been entitled to if he or she had survived the intestate shall descend to and be inherited by such issue.

The 2d section of the said act provides, that when any person shall die seized of land, without will, and without leaving lawful issue, leaving a brother or sister, &c., the inheritance shall

descend to the brother or sister, &c. The word "issue," in the phrase "without leaving lawful issue," in this section, includes the issue of a child who died before the intestate, otherwise a brother or sister would take before a child of a deceased child, as provided by the first section, which would be contrary to the provision of the first section.

The 3d section of the said act provides, that when any person shall die seized of land, intestate, and without leaving lawful issue, and without leaving a brother or sister of the whole blood, or any issue of such brother or sister, and leaving a father, then the inheritance shall go to the father, unless the inheritance came to the person so seized from the part of his or her mother, by descent, devise or gift, in which case it shall descend as if such person so seized had survived his or her father.

In the case before us, if Ann Eliza, the daughter of the intestate, had survived him, and she had afterwards died without will, and the land had descended from her to her infant son, and the son had afterwards died, Demarest, the father of this son, could not have inherited. The question is, does the fact that Ann Eliza died before the intestate put the inheritance in the son of Eliza in such way that Demarest can inherit it? It seems to me that every reason for excluding Demarest in the first case exists in the second case put. The estate came from Haring, Ann Eliza's father. Demarest has none of the blood of Haring. By the right of representation the right of proximity is transferred from the root to the branch, and gives the branch the same preference that the root had as next of blood. The last clause of the third section of our act is founded upon, and adopts the rule, that no one can succeed who is not of the blood of the first purchaser.

The Orphans' Court have held, that the persons applying for the appointment of Commissioners to assign dower are persons interested in the estate. It is asked that I should reverse the order of that Court, on the ground, that Demarest claims to have succeeded to the inheritance as the heir of his said deceased son, and that the question, who is heir, is doubtful. But this Court is no more competent to deal with questions of title

to land than the Orphans' Court; and I am not willing to reverse the order of that Court on the suggestion of such a doubt.

The order of the Orphans' Court will be affirmed. Order accordingly.